08-3521-ag
Zheng v. Holder

BIA
A076 684 568

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of July, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

QI JU ZHENG,
> *Petitioner*,

> v.                                          08-3521-ag
>                                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,*
> *Respondent*.

_____

FOR PETITIONER:          Peter L. Quan, New York, New York.

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**      **Gregory G. Katsas, Assistant Attorney General, Blair T. O'Connor, Assistant Director, Remi Adalemo, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Ju Zheng, a native and citizen of the People's Republic of China, seeks review of a June 27, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Qi Ju Zheng*, No. A076 684 568 (B.I.A. June 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "'disfavored.'" *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien who has been ordered removed may file one motion to reopen within ninety days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7). This deadline may be excused if the alien can establish

2

"changed country conditions arising in the country of nationality."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  Here, the BIA properly denied Zheng's motion to reopen as untimely because it was filed more than five years after his May 6, 2002 final order of removal.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Relying on *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir. 2006), Zheng maintains that he has adduced new evidence establishing that he would be forcibly sterilized based on the birth of his two United States-born children.  This argument is foreclosed by *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169, 172-73 (2d Cir. 2008), which explained that the documents adduced in *Guo* do not, by themselves, demonstrate an alien's *prima facie* eligibility for relief.  Accordingly, the BIA did not abuse its discretion in denying Zheng's motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

With respect to Zheng's derivative asylum claim, as the government concedes, the BIA erroneously relied on Zheng's age at the time his derivative asylum application was filed, rather than at the time his father's asylum application was

3

filed. 8 U.S.C. § 1158(b)(3)(B). Remand, however, would be futile because the BIA properly found that Zheng is now married and therefore does not qualify as a child eligible to derive asylum from his parent under 8 U.S.C. § 1158(b)(3)(B). *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) (holding that error does not require remand if remand would be futile); *see also Akhtar v. Gonzales,* 406 F.3d 399, 407 (6th Cir. 2005) (holding that agency properly precluded petitioner, who turned twenty-one years old while his parent's application was pending, from applying for derivative asylum because he was married).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4